IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MITCHEL OSBORN AND RAYLEEN A. OSBORN f/k/a RAYLEEN A. SHELTON, Husband and Wife,<br><br>Plaintiffs,<br><br>vs.<br><br>PATHOLOGY SERVICES, P.C., A NEBRASKA PROFESSIONAL CORPORATION, AND BYRON L. BARKSDALE, M.D.,<br><br>Defendants. | CASE NO. 8:12-cv-00374<br><br>**COMPLAINT, JURY DEMAND, AND DESIGNATION OF PLACE OF TRIAL** |

Plaintiffs state as follows:

1. Plaintiffs, Mitchel Osborn and Rayleen A. Osborn are husband and wife and are citizens of the State of Missouri. Prior to her marriage, Rayleen A. Osborn was known as Rayleen A. Shelton.

2. Defendant, Pathology Services, P. C., is a Nebraska Professional Corporation with its principal place of business in North Platte, Nebraska.

3. Defendant, Byron L. Barksdale, M.D., is a citizen of the State of Nebraska and is a physician licensed to practice medicine in the State of Nebraska, with his medical specialty being that of pathology.

3. There is complete diversity between plaintiffs and defendants, and the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332. The

1

events of this case occurred in Nebraska. Venue and jurisdiction are proper in this Court.

4.   On or about November 28, 2010, Rayleen A. Osborn, then 28 years of age, whose date of birth is August 3, 1982, was admitted to the Phelps Memorial Health Center in Holdrege, Nebraska. At that time, Rayleen A. Osborn had complaints of right lower quadrant abdominal pain. She was evaluated by George Adam, M.D., a general surgeon.

5.   On November 29, 2010, George Adam, M.D. performed a diagnostic laparoscopy with laparotomy and appendectomy. During the operation, the surgeon, George Adam, M.D., removed the appendix or Rayleen A. Osborn. George Adam, M.D., also noted in his operative report that the appendix was adherent to the right adnexa and had ruptured and purulent material was present.

6.   At the conclusion of this operative procedure, a specimen of the appendix was delivered to Pathology Services, P.C. for biopsy. On December 3, 2010, the defendant Byron L. Barksdale, M.D., after evaluating the pathology from Rayleen A. Osborn's appendix, arrived at the following diagnosis: acute perforated appendicitis with mucinous cystadenoma of the appendix, confined to the appendix (appendectomy).

7.   The diagnosis made by the defendant Byron L. Barksdale, M.D., after evaluating Rayleen A. Osborn's appendix, was communicated via written report to Rayleen A. Osborn's primary care physician, Thomas B. Smith, M.D.

8.   On December 3, 2010, Thomas B. Smith, M.D., discharged Rayleen A. Osborn from Phelps Memorial Health Center. After being discharged, Rayleen A. Osborn continued to experience abdominal pain and underwent radiographic studies to include an ultrasound in an attempt to discover the source of the pain. On May 28, 2011, she underwent a colonoscopy to

determine the cause of her pain. On May 31, 2011, Rayleen A. Osborn had surgery performed on her by Zurab Tsereteli, M.D., at Hays Medical Center in Hays, Kansas. Zurab Tsereteli, M.D. performed a biopsy in the area of Rayleen A. Osborn's appendix, which had been removed on November 29, 2010. Tissue samples of this biopsy were evaluated by pathologists employed by Central Plains Laboratory Quest Diagnostics, Inc. in Hays, Kansas, and the Mayo Clinic in Rochester, Minnesota. The final diagnosis read as follows: Appendix stump: Moderately differentiated carcinoma in fibroadipose tissue, right ovarian fossa moderately differentiated adenocarcinoma with abundant extracellular mucin.

9.   On June 21, 2011, Rayleen A. Osborn was diagnosed with appendiceal carcinoma. On this date, Rayleen A. Osborn was advised that the defendants, Pathology Services, P.C. and Byron L. Barksdale, M.D. had erroneously read and interpreted the tissue samples obtained from the appendix resected in 2010, in that there was no notation made of malignant cancer cells which were present on December 3, 2010.

10.   From November 29, 2010, to the present, Rayleen A. Osborn's adenocarcinoma of the appendix has spread to other parts of her body. This has resulted in Rayleen A. Osborn having to undergo numerous operative procedures and therapeutic treatments. These operative procedures and treatments have included but are not limited to the following:

  a.) right salpingo-oophorectomy

  b.) right hemi-colectomy

  c.) chemotherapy

  d.) a therapeutic abortion

  e.) exploratory laparotomies

11.     The defendants were negligent in their care and treatment of Rayleen A. Osborn on December 3, 2010, when the defendants failed to note the presence of cancerous cells in the appendix of Rayleen A. Osborn.

12.     That as a direct and proximate result of the failure of the defendants to identify the presence of cancerous cells in the appendix of the plaintiff, Rayleen A. Osborn, on December 3, 2010, plaintiff was denied the opportunity for early and aggressive treatment for her adenocarcinoma of her appendix.

13.     That at all times material herein, the defendant Byron Barksdale, M.D., was an agent employee of Pathology Services, P.C., and was acting within the scope and course of his employment. The acts of negligence of Byron Barksdale, M.D., are imputed to the defendant Pathology Services, P.C., under the doctrine of respondeat superior.

14.     Pursuant to the provisions of Neb. Rev. Stat. Section 44-2840(4), the plaintiff waives any and all rights to a panel review under the provisions of the Nebraska Hospital-Medical Liability Act, and has served a copy of this Complaint upon the Director of Insurance for the State of Nebraska by certified mail at the time of the filing of this action.

15.     That as a direct and proximate result of the negligent acts and omissions of the defendants as set forth above, plaintiffs on their own behalf have suffered damages as follows:

   a.   Plaintiff Rayleen A. Osborn has sustained medical bills in the past, and it is reasonably certain that she will sustain medical bills for an indefinite period of time in the future;

   b.   Plaintiff Rayleen A. Osborn has had to undergo numerous operative procedures in the past, and it is reasonably certain that she will have to undergo additional

         operative procedures in the future;

c.     Plaintiff Rayleen A. Osborn has had to undergo chemotherapy;

d.     Plaintiff Rayleen A. Osborn has suffered the loss of enjoyment of life, pain and suffering, grief and emotional injuries;

e.     Plaintiff Mitchel Osborn has suffered the loss of consortium of his wife;

WHEREFORE, plaintiffs pray for judgment against the defendants and each of them as follows:

A)     For damages in an amount to be proven at trial;

B)     For post-judgment interest at the maximum legal rate;

C)     For costs of suit incurred herein; and

D)     For such other and further relief as the court deems just and proper.

### JURY DEMAND AND DESIGNATION OF PLACE OF TRIAL

Plaintiffs request that this matter be tried to a jury in Omaha, Nebraska.

 

MITCHEL OSBORN AND RAYLEEN A.
OSBORN f/k/a RAYLEEN A. SHELTON,
Plaintiffs

By: _____
E. Terry Sibbernsen #13826
SIBBERNSEN, STRIGENZ &
SIBBERNSEN, P.C.
1111 N.102nd Court, #330
Omaha, NE 68114
(402) 493-7221
terry@sibbandstrig.com